# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JENNIFER MIRANDA and PATRICIA
TERRY, on behalf of themselves and all
others similarly situated,

        Plaintiffs

v.

GOLDEN ENTERTAINMENT (NV), INC.,

        Defendant

Case No. 2:20-cv-00534-JAD-DJA

**Order Preliminarily Approving Class
Action Settlement**

On March 16, 2020, Plaintiffs Jennifer Miranda and Patricia Terry filed a proposed

nationwide class action against defendant Golden Entertainment (NV), Inc. in the United States

District Court for the District of Nevada, Case No. 2:20-cv-00534-JAD-DJA, asserting claims

for (i) negligence; (ii) negligence per se for violation of the Federal Trade Commission Act

("FTCA"), 15 U.S.C. § 45; (iii) negligence *per se* for violation of the Nevada Data Breach Law

("NDBL"), NRS §§ 603A.010, *et seq.*; and (iv) violation of the Nevada Deceptive Trade

Practices Act ("NDTPA"), NRS §§ 598.0903, *et seq.*  The March 16, 2020, complaint alleged

that as a result of Golden's negligence and failure to properly safeguard the personally

identifying information of individuals, a data breach occurred that exposed said information.

Plaintiffs sought to represent a nationwide class.

On June 18, 2020, Golden filed a Motion to Dismiss the Complaint.  That motion came

after four unopposed extensions of Golden's deadline to respond so that the parties could

negotiate a settlement.

On July 2, 2020, plaintiffs filed a First Amended Class Action Complaint.  The First

Amended Class Action Complaint also asserts claims for negligent misrepresentation and breach

of contract.

On August 13, 2020, after a fifth and final extension, the parties filed a Notice of Settlement.

On December 2, 2020, the court conducted a hearing on the Unopposed Motion for Preliminary Approval of Class Action Settlement.

The parties represent that before entering into the Class Action Settlement Agreement (the "Settlement Agreement") (attached hereto as Exhibit 1), they, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine potential liability, remedies, and all defenses thereto.

The parties also represent that the Settlement Agreement was reached as a result of extensive arm's-length negotiations between them and their counsel over the course of over five months.

The parties further represent that before and during these settlement negotiations, they had an arm's-length exchange of sufficient information to permit them and their counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions.

The Court has carefully reviewed the Settlement Agreement, including the exhibits attached thereto and all records on file and proceedings to date in this matter, and good cause appearing based on the record,

**IT IS HEREBY ORDERED as follows:**

1. <u>Defined Terms</u>.  For purposes of this Order, except as otherwise indicated herein, the court adopts and incorporates the definitions contained in the Settlement Agreement.

2.     <u>Stay of the Action</u>.  All proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

3.     <u>Preliminary Class Certification for Settlement Purposes Only</u>.   The Court preliminarily finds under Federal Civil Procedure Rule 23(a) and (b)(3) and for settlement purposes only that: (a) the Settlement Class certified herein numbers at least in the tens of thousands of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, plaintiffs and their counsel are adequate representatives of the Settlement Class.  Golden retains all rights to assert that the Litigation may not be certified as a class action, other than for settlement purposes.  The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this Litigation.  *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4.     <u>Settlement Class Definition</u>.  The Settlement Class consists of all customers, vendors, and current and former employees of Golden to whom Golden mailed notice that between May 30, 2019, and October 6, 2019, Golden was the target of a cyberattack in which third parties sent phishing emails to Golden's employees in the hopes of gaining access to Golden's computer systems and might have resulted in unauthorized parties accessing personal

information.  The Settlement Class specifically excludes: (i) Golden and its respective officers and directors; (ii) all Settlement Class Members who timely opt-out of the settlement; (iii) the judge assigned to evaluate the fairness of this settlement; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Phishing Attack or who pleads *nolo contendere* to any such charge.

5.   <u>Class Representatives and Plaintiffs' Counsel</u>.  Plaintiffs Jennifer Miranda and Patricia Terry are designated as representatives of the conditionally certified Settlement Class. The Court preliminarily finds that these individuals are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class, and that they will be adequate class representatives.  Further, Bursor & Fisher, P.A, who the Court finds to be experienced and adequate counsel for purposes of these settlement approval proceedings, is hereby designated as class counsel ("Class Counsel").

6.   <u>Preliminary Settlement Approval</u>.  Upon preliminary review, the Court finds that the Settlement Agreement, and the settlement it incorporates, appears fair, reasonable, and adequate.  *See generally* Fed. R. Civ. P. 23; MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004).  Accordingly, the Settlement Agreement is preliminarily approved and is sufficient to warrant sending notice to the Settlement Class.

7.   <u>Jurisdiction</u>.  The Court has subject matter jurisdiction over the Litigation under 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the parties before it.  Additionally, venue is proper in this district under 28 U.S.C. § 1391.

8.   <u>Fairness Hearing</u>.  A hearing will be held before this court on May 14, 2021, at 10:00 a.m. to determine, among other things, (a) whether the Litigation should be finally

certified as a class action for settlement purposes under Rule 23(a) and (b)(3); (b) whether the

settlement of the Litigation under the terms and conditions of the Settlement Agreement should

be finally approved as fair, reasonable, and adequate under Rule 23(e); (c) whether the Litigation

should be dismissed with prejudice under the terms of the Settlement Agreement; (d) whether

Settlement Class Members who do not timely opt-out of the settlement should be bound by the

Release set forth in the Settlement Agreement; and (e) whether to grant Class Counsel's

application for an award of attorneys' fees and expenses and incentive awards for plaintiffs (the

"Fee Application").  Papers in support of final approval of the Settlement Agreement and the Fee

Application must be filed with the Court according to the schedule set forth in Paragraph 14

below.  Objections to the Settlement Agreement or the Fee Application must be sent via U.S.

Mail to Class Counsel and Golden's counsel (at the addresses set forth below) postmarked no

later than the Objection Deadline as set forth in Paragraph 14 below, and papers in response to

such objections must be filed no later than ninety (90) days from the Notice Date as set forth in

Paragraph 10(a) below.   Objections may also be filed with the Court through its electronic case

filing ("ECF") system, with service on Class Counsel and Golden's counsel made through the

ECF system.  The Fairness Hearing may be held in person at the United States District Court for

the District of Nevada Lloyd D. George Federal Courthouse, 333 Las Vegas Boulevard, Las

Vegas, Nevada 89101; via zoom; or telephonically, at the court's discretion.  The Fairness

Hearing may be postponed, adjourned, or continued by order of the court without further notice

to the Settlement Class.  After the Fairness Hearing, the court may enter a Final Order and Final

Judgment in accordance with the Settlement Agreement that will fully and finally adjudicate the

rights of the Settlement Class Members with respect to the proposed Released Claims.

9.      <u>Administration</u>.  In consultation with and with the approval of Golden and Class Counsel, Heffler Claims is hereby authorized to establish the means necessary to administer the proposed settlement and implement the claims process, in accordance with the terms of the Settlement Agreement ("Claims Administrator" and "Settlement Administrator").

10.      <u>Class Notice</u>.  The form and content of the proposed Long Notice, Short Notice, and Claim Form, attached as Exhibits 2, 3, and 4, respectively, to this Order, and the notice methodology described in the Settlement Agreement, filed in support of preliminary approval of the settlement, are hereby approved.  In accordance with the Settlement Agreement, the Court appoints Heffler Claims Group as the Claims Administrator to help implement the terms of the Settlement Agreement.

(a)      <u>Notice Date</u>. Within 30 days from the issuance of this Order, the Claims Administrator must commence notice to the Settlement Class in accordance with the terms of the Settlement Agreement and the deadlines set forth in Paragraph 14 below, in accordance with the notice program set forth in the Declaration of the Claims Administrator filed in support of preliminary approval of the settlement.  The Parties must coordinate with the Claims Administrator to provide notice to the Settlement Class under the terms set forth therein.

(b)      <u>Findings Concerning Notice</u>.  The Court finds that the settlement is fair and reasonable such that the Long Notice and Short Notice should be provided under the Settlement Agreement and this Order.

(c)      The Court finds that the form, content, and method of disseminating notice to the Settlement Class as described in Paragraphs 10 and 14 of this Order: (i) comply with Rule 23(c)(2) and (e) as they are the best practicable means of notice under the circumstances, and are reasonably calculated, under all the circumstances, to apprise the members of the Settlement

Class of the pendency of the Litigation, the terms of the proposed settlement, and their rights under it including, but not limited to, their right to object to or opt-out of the settlement;  (ii) constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (iii) meet all applicable requirements of law including, but not limited to, 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause of the United States Constitution.  The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

11.    <u>Opting Out of the Settlement.</u>  Settlement Class Members who wish to opt-out of the settlement must send to the Claims Administrator by U.S. Mail a personally signed letter, including their (a) full name; (b) current address; (c) a clear statement communicating that they elect to opt-out of the settlement, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered as a result of this settlement; (d) their signature or the signature of the person authorized by law to sign on their behalf; and (e) the case name and case number of the Litigation.  A Class Member can opt-out of the settlement on his or her behalf only and cannot opt-out on behalf another individual or group.  "Mass" or "class" opt-outs are not permitted.  Any such request to opt-out must be postmarked and sent to the Settlement Administrator within 60 days from the Notice Date. (the "Opt-Out Date").  The Settlement Administrator must forward copies of any written requests opt-out to Class Counsel and Golden's counsel.  The Settlement Administrator must deliver a list reflecting all timely requests opt-out to the parties no later than seven calendar days before the Fairness Hearing.

12.    <u>Objections and Appearances.</u>  Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the settlement must provide a copy of

the written objection by U.S. mail to Class Counsel and Golden's counsel (at the addresses set forth below) postmarked no later than the Objection Deadline.  Settlement Class Members or their counsel may also file objections with the Court through the Court's ECF system, with service on Class Counsel and Golden's counsel made through the ECF system. Class Members who object must set forth: (a) the objector's full name and address; (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Phishing Attack, or a statement by the objector explaining why he or she believes he or she is a Settlement Class Member); (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (d) the identity of any and all counsel representing the objector in connection with the objection; (e) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (f) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing the objector in connection with the objection. Objections must be mailed to Class Counsel and Golden's counsel as follows:

*Upon Class Counsel at:*

Yitzchak Kopel and Max S. Roberts
**BURSOR & FISHER, P.A.**
888 Seventh Avenue, Third Floor
New York, New York 10019
ykopel@bursor.com
mroberts@bursor.com

*Upon Golden's counsel at:*

Casie D. Collignon and Matthew D. Pearson
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, Colorado 80202
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Class Counsel and Golden's counsel, and file said notice with the Court, no later than the date scheduled in paragraph 14 below, or as the Court may otherwise direct.  Failure to comply with this procedure may result in waiver of rights to appear.  The Settlement Administrator, Golden's counsel, and Class Counsel must promptly furnish each other copies of any and all objections that might come into their possession.

13.     <u>Applicable Deadlines</u>.

(a)     The Long Notice must be published on the Settlement Website, and the Short Notice must be sent via mail to Settlement Class Members for whom Golden has contact information within 30 days from the issuance of this Order (the "Notice Date").

(b)     The Settlement Website and Toll-Free Telephone Number must be established and become operational within 30 days from the issuance of this Order.

(c)     All completed Claim Forms, a true and correct copy of which is attached hereto as Exhibit 4, must be postmarked and mailed to the Settlement Administrator or uploaded to the Settlement Website within 90 days from Notice Date  ("the Claims Deadline").

(d)     All written objections to the Settlement Agreement must be postmarked and mailed to Class Counsel and Golden's counsel within 60 days from the Notice Date ("the Objection Deadline") and all written notices of an objector's intention to appear at the Fairness Hearing must be filed with the Court by the Objection Deadline.

(e)     All requests for opt-out of the settlement must be postmarked and sent to the Settlement Administrator within 60 days from the Notice Date ("the Opt-Out Date").

(f)     A Final Fairness Hearing is scheduled for May 14, 2021, at 10:00 a.m.

(g)    No later than 7 calendar days before the date of the Fairness Hearing, the Claims Administrator must serve upon the parties for filing with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement Class; and (b) the details regarding the number of valid Claim Forms received and processed by the Claims Administrator.

(h)    Plaintiffs' Motion in Support of Final Approval of the Settlement and Plaintiffs' Counsel's Fee Application must be filed by no later than 90 days from the Notice Date and posted to the Settlement Website as soon as practicable thereafter, and may be supplemented no later than 7 calendar days prior to the Fairness Hearing.

14.    <u>Alteration of Exhibits</u>.  Class Counsel and Golden's counsel are hereby authorized to use all reasonable procedures to further the administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Notice, Short Notice, and other exhibits that they jointly agree are reasonable or necessary.

Dated: December 17, 2020

_____
U.S. District Judge Jennifer A. Dorsey